# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-51108
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWIN VIRGILIO GOMEZ, also known as Gomez Edwin Vrilillio, also known as Edwin Vrilillio-Gmez, also known as Gomez Edwin Virgillio, also known as Edwin Virgillio-Gomez, also known as Edwinn Gomez, also known as Edwin Virgillio Gomez, also known as Edwin Gomez-Virgilio, also known as Virgilio Edwin Gomez, also known as Edwin V. Gomez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-774-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Edwin Virgilio Gomez appeals his conviction for illegal reentry after removal, in violation of 8 U.S.C. § 1326. He entered a conditional guilty plea, reserving the right to appeal the denial of his motions to dismiss the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indictment.    Gomez asserts that the indictment was invalid because the removal order was void due to a defective notice to appear that failed to specify the date and time for his removal hearing.    He concedes that the issue is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779), but he wishes to preserve it for further review.    The Government has filed a motion for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha* and *Pierre-Paul*.    Alternatively, the Government requests an extension of time to file a brief.

In *Pedroza-Rocha*, we concluded that the notice to appear was not rendered deficient because it did not specify a date or time for the removal hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that the defendant could not collaterally attack his underlying removal order without first exhausting his administrative remedies.    *Pedroza-Rocha*, 933 F.3d at 496-98.    Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment is AFFIRMED.